You may be seated. The clerk will call the next case. Thank you. As you may have noticed, Justice Litton is on this panel. He is not able to be with us today. He will be participating fully in the discussion and the decision in this case. And with that, Mr. Whiteman, if you wish to proceed. Now you understand why we were so familiar with the facts of the evidence. Now I do. I've always suspected that you know more than I do, but you certainly proved that case with the last discussion. As was stated, my name is Jay Whitman. I am an assistant appellate defender with the Office of the State Appellate Defender and one of the attorneys for Wales-Salem, who in this case asserts that the trial court erred by admitting two convictions of three for impeachment purposes that were not properly considered by the court. Ordinarily, I, and I suspect all who practice before this court on a regular basis, tend to lead with my key argument and not focus on the argument of the other party, even when raised in response. But I'm going to probably violate the rules taught in mock trial classes and start with an argument that's raised by the state, in large part because I think it then informs the principle argument that I will be making regarding the Montgomery errors. In my jurisdictional statement in the brief provided to the court, I argued revestment and said that the trial court had lost jurisdiction of the case when the defense counsel filed a post-trial motion more than 30 days following the jury's verdict, but prior to the 30 days that would follow the sentencing period. And that language is language that has become rather rote and probably used by me and others for the last 20 years or more, following the case of Hubbard in the second district, I believe. And it reflected the then view that if something is filed beyond the filing period, even though it's implicitly acknowledged that the trial court hasn't lost jurisdiction, that phrase has been used and was used in Hubbard saying that jurisdiction had been lost. Now, very recently, the Supreme Court in People v. Bailey, I believe, clarified and corrected this view when it said, under our usual rules, trial court loses jurisdiction to hear a cause at the end of the 30-day window following entry of a final judgment. And the principle point here to make is that this judgment was not final. A judgment is final in a criminal case after the defendant is sentenced. And that was certainly true and clear in Bailey, in which the post-trial motion was filed three and a half years following the sentencing. In the instant case, the motion was filed less than 30 days following the sentencing. The trial court obviously retains jurisdiction for more than 30 days following the jury's verdict and before the sentencing hearing. Very typically, the sentencing hearing is set for more than 30 days following the jury's verdict so as to allow counsel to file a post-trial motion. And in this instance, and something that was noted in Hubbard, the court in Hubbard said that it was reluctant to hold that the trial court could obtain revestment where the trial court hadn't made any errors or hadn't suggested an incorrect procedure. Here, an incorrect procedure was suggested by the trial court, which said you need to file your post-trial motion now within 30 days and said that at the sentencing hearing. It was assumed all along that that was the order in which counsel was going to proceed, that there would be a sentencing hearing and then the post-trial motion would be filed. And so if for no other reason than fairness to the defendant, given that the error was that of the trial court, we would suggest that in fact this court has jurisdiction, that the trial court had jurisdiction, and that that error should not be held against the defendant. Assuming that this court agrees that the trial court had jurisdiction, then I think that that provides an obvious answer to the question of whether the 2010 Cook County conviction was in fact a conviction for Montgomery purposes at the time that this trial proceeded. This was the first of two trials, and it occurred at a time, and the question about Montgomery occurred at a time when judgment had yet to be rendered in the Cook County case. There had been a plea of guilty, but it was within the 30-day period for filing a motion to withdraw the guilty plea. There had not been a sentencing hearing, and therefore there is no conviction, certainly there is no final judgment, that could be allowed for Montgomery purposes. The state has already conceded in its brief that another conviction which occurred in a federal case that was not proved to be within the 10-year time period allotted by Montgomery, the state has conceded that that conviction was improperly used. So at this point, then, the defendant would argue that there are two invalid convictions out of three, and particularly in a case where the defendant's credibility is going to be absolutely necessary in his defense, that's too large a margin to be considered harmless and to not be overruled by this court. We believe that for the defendant to have had a fair trial, he needed to be able to resist the implication that he had credibility problems, particularly where there was only one conviction out of three that properly could have been admitted under Montgomery. This is particularly important in a case where much of the evidence was simply too tenuous to tie the defendant to the offense. The bulk of the state's evidence came from an officer who testified about the myriad number of ways that an open title could be used to perpetuate criminal activity. And very early on, the trial court noted and the state conceded that there wasn't an overlap between stolen cars that were found on the property and the open titles. And the open titles that were found in this case didn't relate to the cars that were found on the property. So there were different questions between an open title and a stolen motor vehicle, but all of this evidence came in, and the court said, I don't see that there's an overlap, that there's an application here, and the state's response was, well, the officer is going to testify as to the various criminal purposes that could be used with an open title. One example was if the defendant were to commit a burglary or theft or robbery and used a getaway car with a false plate or a registration that went to somebody else, then he would be able to perpetuate criminal activity. But there was no showing of any sort of criminal activity of that nature by the defendant. Another manner in which it was specified that these open titles could be criminally used was in what was called re-tagging or cloning cards. And the evidence was that with a new car, this is a common practice. You find a new car that has recently been wrecked, you replace it with a car stolen from the dealership, and transfer the titles in that way. And you have a car that matches the description, if not the VIN, the vehicle identification number. But again, this was an older car described by counsel at one time as having seen better days and being a car that could not be mistaken as a new car. The various ways that were shown to be allowed for the use of criminal purposes didn't relate or were never connected to the defendant. And it's that lack of a tie that we contend renders this improper other crimes evidence because it doesn't show a pattern, it doesn't amplify any of the questions that have to be considered by the jury. And it's been argued that this was done for narrative purposes. But the cases in which a narrative purpose is found and is considered proper is always where it's part of the story and part of the explanation and it ties the defendant specifically to the criminal acts that are alleged. That didn't occur in the incident case. When open titles and crime go hand in hand, it's very easy for the jury then to reach that conclusion, even though there's been nothing to show that there was criminal activity aside from that which is alleged in possessing the open title, which the state contended had to be related to criminal activity and used in that fashion. And because the tie was too tenuous, evidence of other crimes was not properly admitted in this case. And for those reasons, we would ask that the defendant's convictions be overturned and he be granted a new trial. Do you have any questions? I'm exhausted from the last time we argued this case. Now you've answered the questions in the previous cases. Thank you. Mr. Nicolosi? The appellate defender got their act together and had the same attorney handle both appeals, but I see the appellate prosecutor shared the workload. Well, send your comments to Terry Myrtle. I'm sure he'll love to get in a conversation with you. Good afternoon, your honors. May it please the court, may it please counsel. Your honor, regarding the jurisdiction issue that counsel discussed that the people and I guess both counselors raised in their briefs, the people would agree that the trial court did have jurisdiction in this case, but the people do submit that the appellate court does not. Because as my colleague, Mr. Michael, said an hour ago, under Rule 606B, the notice of appeal, which confers jurisdiction on this court, must be filed either within 30 days of the final judgment appealed from, which did not happen here, of course, or it must be filed within 30 days of the order disposing of a timely file motion against the judgment. That didn't happen here either. The judgment was the verdict on December 1st, 2011. Therefore, the post-trial motion needed to be filed within 30 days of that, and clearly it didn't happen. Educate me. Am I wrong? I always thought the judgment was something that happened at the time of the sentencing. Yeah, that's the final judgment, but a motion attacking the verdict, I believe, needs to be filed according to 725 ILCS 5-116-1. 116-1 says that a motion challenging the verdict needs to be filed within 30 days. Okay. So was the notice of appeal filed within 30 days of the sentencing hearing in this case? No. All right. I'll have to look at the facts. The notice of appeal was filed within 30 days of the denial of his motion for new trial. But the people are arguing, just as Mr. Michael did, that that motion for new trial was untimely. That needed to be within 30 days of December 1st, and it was not. And Mr. Weidman said that that could be excused in this case because the trial judge instructed the defendant at the sentencing hearing in February that you could file a post-trial motion within 30 days of that date. And he was attempting to say, or explain away, that that's okay because the trial judge said those words. But the fact is, the trial judge, it doesn't matter what he says two months after this motion is due. That motion was due January 1st, and it wasn't filed, or 30 days after December 1st, and it wasn't filed. Therefore, the people would argue, regardless of whether the trial court has jurisdiction, the appellate court does not, because this motion was untimely. And I believe the fact that that motion was untimely kind of permeates all of these other issues, because if you have an untimely motion, you can't possibly preserve all of the issues that you need to object to trial, of course, you need to raise. I am so confused, and I apologize. So if the post-trial motion was not filed in time, it didn't properly preserve certain issues? It can't possibly preserve any issues. Really? Am I wrong? I don't know. I'm going to have to do my homework. Well, I was under the impression that… Issues that aren't preserved can still be raised under plain error. Well, counsel needs to raise plain error. All right. And he did argue, well, he doesn't argue plain error for the other crimes evidence issue, regarding bringing in four other vehicles. He never mentions plain error at all in this brief. And people would argue that's forfeited, because it wasn't raised in a timely post-trial motion. But anyway, if this court does… So plain error isn't at stake at all in any of these briefs? Oh, it should be. That's what the people are arguing. All right. I think now you have me totally confused. I'll do my homework. I tried to say all this confidently, but I don't know. Okay. Moving on. The people… Boy, I hate this case. I've hated this since the first… I don't know if Mr. Myrtle did you a favor by not giving you both cases, because… Or giving me no cases would have been maybe better. Because it has been very confusing for me to have both appeals. I was discussing with Mr. Myrtle. We were kind of anticipating what the panels were going to look like, and if they would be completely separate. Because the issues, by and large, are kind of separate, and they're a little different. But obviously I was wrong on that. Okay, so are you going to argue the merits? Yes, yes. I'm going to get there. Okay. Why not? I'm assuming for the sake of argument that we have some type of jurisdiction. Sure. Your Honor, the people would submit that the other crimes evidence in this case was properly admitted to establish intent, knowledge, and absence of mistake. Again, these four vehicles were the Lincoln Navigator, where the confidential VIN did not match the public VIN. Therefore, Trooper Jennings stated that he believed that the identity was being concealed on that vehicle. The second vehicle was the black Mercedes, which was stolen. The third vehicle was the red BMW, which clearly indicated fraud was involved in the acquisition of that vehicle. That had two valid titles. It had one set of license plates, the Illinois plates that were hanging in the garage, the Indiana plates that were on it. The fourth vehicle is the black BMW, which had a false public VIN, and the true VIN was reported to have come from a stolen car. Of course, the issue in this case were four open titles. As counsel mentioned, the four open titles pertained to vehicles that were not found on the property. But the people would submit that it's relatively clear that this gentleman is in the business of possessing and selling fraudulent, fake, stolen vehicles and titles, and that this is a continuing narrative of criminal conduct. And I believe I can encapsulate this narrative of conduct in one sentence as I try to do my brief. These four open titles, which omitted key information that needs to be on a title when you are in possession of such a title, these four open titles were found in a pile of 40 titles, which were found in the red BMW, which again had indications of fraud all over it. Those were found inside. And also in the pile of 40 titles was a fraudulent title for the Lincoln Navigator. But in the pile of the 40 titles, how many of those were not open? I don't know the answer to that. I don't remember. But I'm not sure that matters, because four of them were open. I'm guessing. And one of them was fraud. I'm guessing 35 of them were found. Nevertheless, he still has these four. The jury didn't learn that. The jury didn't learn that, but I don't believe it needed to, because I think if there's two fraudulent titles in there or one or four open titles or one, I don't think it matters. The fact is this guy had four bogus cars here, which, you know. But he wasn't charged in this case with possessing those cars. No, he was not, Your Honor. And this case involves four open Illinois titles. Trooper Jennings testified to the fact that other states are more lenient. Illinois is really tough. So the Navigator and the black Mercedes and the other cars that bore Indiana plates and had Alabama titles, how is that at all relevant to open Illinois titles? Well, Your Honor, I think the continuing narrative here is that this gentleman was involved in all kinds of nefarious activities with vehicles and titles. So why didn't the state charge him with all kinds of activities? I didn't charge him. I would have loved to charge him with absolutely everything that was found at his house. I don't know why they didn't do it, but the fact is these four vehicles, information about these four vehicles was admitted for intent, knowledge, and absence of mistake. And I believe clearly these four vehicles show that the possession of the titles was not a mistake. These aren't isolated incidents. As Mr. Michael said, an innocent state of mind may be present in one instance, but the more often it occurs, the less likely it was when it occurred without criminal intent. This guy had four open titles, one fraudulent title, and four cars that were either stolen or had false vins or two valid titles. The cars that corresponded to these open titles? No, Your Honor. Were they stolen? No, I don't believe that. Mr. Jennings didn't testify to those vehicles being stolen. In fact, he didn't even attempt to contact the people named on the titles. That's true, Your Honor, but I don't believe for these four vehicles, for information about these four vehicles to be admitted, they need to be exactly pertaining to the charged crimes. I believe, again, the continuing narrative theory of law is that if you are clearly in the business or the charged crimes and this other evidence is all interconnected, that's the word the trial judge used, that they are admissible for these purposes. And the people submit, again, this gentleman is so obviously familiar and comfortable and in the business of handling shady vehicles and titles, that the people submit that clearly it supports a finding that this is not a mistake and that he had knowledge of these titles based on knowledge of the cars. Did his name appear on the four open titles? No, Your Honor, but I think that's actually more support in the people's case because the trooper discussed with the defendant. He met with him at the jail and talked with him, and he gave completely incredible explanations about where he got these titles. He said the two of them were vehicles that were repoed, but yet on these titles there was no indication of any lien holder. So clearly that story was bogus. And more support is the defendant's statement to his wife, which his wife admitted he said hide the black car. Okay, but one of the four titles, did it belong to the black car that was hidden? No, I don't believe so. But, Your Honor, this is so interconnected. I have all these words, and in my brief there's a lot of words, and the two words I want to use are come on, come on. It's all connected. This guy is totally in the business of handling, and he even said that he has all these cars because he auctions them for dealers, but he doesn't have a license to do that. Okay, and I understand. I'll give you the come on back. The best argument I've made ever. When the state elects to prosecute somebody, you walk the evidence through the door related to the charges that you choose to prosecute, but you can't bring in the whole band alleging other bad acts. You have to prove the cases you charge him with, and if you don't charge him with those other crimes, then the rules are the other crimes evidence doesn't come in, typically. And I understand why you say, oh, come on, but I think the prosecutor, he had some pretty good evidence here with the four open titles without the overkill. I understand. I understand, but under the statute that he was charged under, you needed, and the case is kind of interpret, you needed the knowledge plus the criminal purpose. Show criminal intent. And I think that the vehicles go a long way towards establishing that, and I'm absolutely going to move on to the next issue, which are admission of the prior convictions for impeachment. Your Honor, the people do acknowledge that they did not present the type of criteria that you need to for the 1999 federal convictions regarding whether or not it occurred within the 10-year window, but the people submit that no reversible error occurred here because there were still two valid convictions to be used for impeachment. One is clearly the 2004 theft. That's not even in debate. The people submit that the 2011 or the 2010 theft. What theft did you say? The 2004. The state in this case elected not to use the 2004. They elected not to use it because the judge gave them the choice to use two. The people submit that no reversible error was committed because of the trial judge would have properly not allowed them to use the 1999. The judge would have said, oh, you get to use two, and they would have used the two that were remaining. Okay, but they didn't use the 2004. They didn't, no. But they could have in the impeachment implications. And the 2010 was not a conviction. The people submit it was a conviction. That was something that was in debate in our briefs. The people submit that the criminal code definition of conviction clearly supports the people's position. That says 720 ILCS 5 backslash 2-5 says, quote, a judgment of conviction or sentence. Clearly the criminal code distinguishes the conviction and the sentence. And the people would submit that the code of corrections does the same, 730 ILCS 5 backslash 5-1-19. Their definition of sentence says that it is a disposition imposed on a convicted defendant. Thank you very much. Clearly the code of corrections distinguishes the conviction and sentence. I think counsel gets a little, kind of muddies the waters here, between the word judgment and the word conviction, that people don't contest that judgment includes the sentence. That's not in debate. I'm not fighting that. But a conviction and a sentence are different. A judgment is not a conviction. A conviction for purposes of impeachment, though, seems to be pretty specific in the case law. And I think I found a case issued by Justice Litton. It might be, I think it's 1993. I'll direct you to 245, 3rd, 413. And I do think that for purposes of impeachment, there has to be a sentence. It has to be a conviction and sentence. But I'll look at it. Was that raised by counsel, that case? No, no. Every once in a while the court does its own independent research. I understand. I didn't know if I overlooked that in history or not. No, you did not. And you both did. How's that? Oh, yeah. That happens, I'm sure. With regard to the federal convictions that this jury learned about, how many counts did they hear about? I believe there were quite a few. Quite a few. How many do you think? I couldn't even guess. I don't remember. Honestly, I didn't focus on that. More than 10. So if you take those more than 10 out, that would leave the jury with just a few, a handful. And it's just... A handful is still quite a few. I don't know that I'm willing to accept this harmless error argument that you're making. Well, then I will wrap up. And if there are any other questions, which I don't want to answer, but I will if you have them. You've done a nice job. Thank you. Thank you, Mr. Nicolosi. Mr. Weigel, for a rebuttal. Thank you. Mr. Nicolosi, because that's why I'm even coming up, and my wife has asked me that question on a number of occasions. Why are you even talking? But I do think it might help to clarify a couple of things in the record as it's fresh. The guilty plea, or the guilty finding, occurred on the first day of December in 2011. Sentencing was scheduled for about two months later. And in doing so that day, when they were setting the next part of the schedule, the judge said, I'm going to set it out eight weeks. We need some time. We've got the other trial going on.  You need to have your post-trial motion in by a certain date. Normally, you will see matters set more than 30 days out so that there is time for the filing of the motion. And that's why it concerns me a little bit that the state now argues, well, if the notice of appeal isn't filed within 30 days of that, well, it's almost never going to happen that that would be possible for counsel to comply with that sort of standard. Because while there's the 30-day filing period, the hearing is going to occur after that. And of necessity, the notice of appeal is always going to be after that. The notice of appeal was timely filed within 30 days of the denial of the post-trial motion. And that post-trial motion was scheduled by the court following the sentencing. He said, I'm not going to let you out of the case because you've got to handle this for the post-trial motion. So get it filed within 30 days and we're good. And they proceeded in that fashion. And again, I mean, part of it is I have argued that it's unfair to the defendant for him to comply with the judge's orders and then have that used against him. But by the same token, it reflects, and I think that the trial court is correct, that the trial court had jurisdiction. And I'm surprised that the state would argue, that anybody would argue, that the trial court loses jurisdiction 30 days following the finding by the jury. Because obviously, sentencing is part and parcel of the conviction. And I was looking in the brief very quickly to see if I had a copy of the judgment, and I don't. But I suspect that it may well say judgment of conviction. So to the extent that I muddy the waters with blurring between judgment and conviction, they're very often termed as the same thing. The key thing from Bailey is that it was a concern about the final judgment. And nothing is final until the sentence is entered. And for that reason, then... And I do think that in this case, the judge entered a judgment of conviction before the sentencing. I think you're right. And so it all gets blurred. But the sentence, I believe, is the final judgment, and was in this case. And the parties proceeded in that fashion. And I'll note very briefly that counsel points to the very clear evidence regarding the Lincoln Navigator, regarding the maroon BMW, everything except for the open titles at issue. There was no correspondence between those. And to that extent, the other crimes evidence was excessive and not connected to the case. The evidence was great for everything except for that which was at issue. And it defies the goal of our jurisprudence of proving that charge which is before the court, rather than proving that it happened in other areas. The defendant did it before, so he must be guilty is a policy that's absolutely been rejected by this and other courts. And we would ask that it be rejected in this case as well. Thank you. In response to you coming up and why speak, it's important, actually, because Justice Litton isn't here. He isn't able to ask questions. And I know he'll be reviewing the tapes. So it probably was important for you to come back. Thank you. Thank you both for your arguments here today. As earlier stated, Justice Litton will be participating fully in the decision. In this case, it will be taken under advisement and a written decision will be issued to you. And with that, we will stand in recess until June.